UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICHARD DeCARO, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 1:98CV00112 AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Richard DeCaro's "Motion for Relief From a Void Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure" (Doc. No. 27.) A jury convicted Movant on March 7, 1996, of one count of conspiracy to commit murder-for-hire, one count of using of the mails or facilities in interstate commerce to commit murder-for-hire, and five counts of mail fraud. Movant was sentenced on June 21, 1996, to an aggregate term of imprisonment for life.

After unsuccessfully pursuing several avenues for relief, Movant now claims that jurisdictional errors and violations of the Constitution's due process and ex post facto clauses rendered the judgment and commitment void. For the reasons set forth below, Movant's motion for relief shall be denied on procedural grounds.

## PROCEDURAL BACKGROUND

On April 1, 1997, the United States Court of Appeals for the Eighth Circuit affirmed Movant's conviction and sentence. On October 5, 1998, Movant moved to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On February 25, 1999, the District Judge to whom the case was then assigned denied Movant's § 2255 motion, and the Eighth Circuit subsequently denied Movant's application for a certificate of appealability.

On July 6, 2001, Movant filed a "Writ of Error Coram Nobis And/Or Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)." On November 14, 2001, the District Judge denied all relief, construing the action under 28 U.S.C. §§ 2255 and 2241, error coram nobis, and 18 U.S.C. § 3582(c)(2) (allowing modification of a term of imprisonment where the sentence was based on a sentencing range that was subsequently lowered). *DeCaro v. United States*, No. 4:01CV1064 SNL.

On January 29, 2013, Movant filed another motion under 28 U.S.C. § 2255. In that motion, Movant claimed ineffective assistance of counsel due to defense counsel's erroneous advice and misrepresentations regarding Movant's decision not to accept a plea offer. On February 19, 2013, this Court denied Movant's motion because Movant failed to obtain authorization from the Eighth Circuit before filing the second or successive action under § 2255. *DeCaro v. United States*, No. 1:13CV00014 AGF. On November 13, 2013, the Eighth Circuit denied Movant's application for a certificate of appealability.

On February 6, 2014, Movant filed the present motion for relief "Pursuant To Rule 60(b)(4)," which provides in relevant part that "the court may relieve a party . . . from a final judgment . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4). Movant's first ground for relief is that the sentencing court used the 1994 amended version of 18 U.S.C. § 1958(a), which carried a higher punishment range than the pre-amended statute, in

violation of the Due Process Clause and the Ex Post Facto Clause and beyond the sentencing court's jurisdiction, rendering the sentence void. Movant's second claim for relief is that the trial court lacked subject matter jurisdiction because due to omissions, the indictment did not properly charge an offense.

## DISCUSSION

A federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under § 2255; if the Rule 60(b) motion "is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals." *Blackwell v. United States*, No. 4:99-CV-1687 CAS, 2014 WL 340231, at *3 (E.D. Mo. Jan. 30, 2014).

"'[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" *Blackwell v. United States*, No. 4:99–CV–1687 CAS, 2009 WL 3334895, at *5 (E.D. Mo. Oct. 14, 2009) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006)); *see also Carter v. United States*, No. 1:07CV49 CDP, 2014 WL 518211, at *1 (E.D. Mo. Feb. 10, 2014) (explaining that "a Rule 60(b) motion is a successive petition if it contains a claim, which is defined as an asserted federal basis for relief from a judgment of

conviction") (citation omitted). A Rule 60(b) motion should not be treated as a successive habeas motion if it attacks the federal district court's previous resolution of a habeas claim. *United States v. Washington*, 211 F. App'x 550, 550 (8th Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

Here, Movant asserts that he is seeking relief pursuant to Rule 60(b), but he is in fact challenging his sentence. Therefore, Movant's Rule 60(b) motion shall be treated as a successive petition and denied based on his failure to obtain prior authorization from the Eighth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion is **DISMISSED**.

A separate judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2014.